IN THE CIRCUIT COURT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO: **12   010400**
DIVISION:

**DIVISION A**

DARIN MANGIONE

        Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,

        Defendant.

_____/

## COMPLAINT AND JURY DEMAND

DARIN MANGIONE ("Plaintiff"), by and through undersigned counsel, hereby sues

Defendant SANTANDER CONSUMER USA, INC., ("Defendant") and alleges as follows:

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.* ("FDCPA"), 15 U.S.C. 1681, et.seq, the Florida Consumer Collection Practices Act,

Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227

*et seq.*, The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Breach of Contract, Conversion,

Unjust Enrichment, Replevin, Wrongful Repossession, Fla. Stat § 679.101 Plaintiff also alleges a

state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2.    Plaintiff is a natural person, a resident of Hillsborough County, and citizen of the

State of Florida.

3.    The amount in controversy does exceed $15,000.00 exclusive of attorney's fees,

costs, and interest.

4.      SANTANDER CONSUMER USA, INC., is a foreign corporation, registered with the state of Florida, with a primary place of business at 8585 North Stemmons Suite 1100-N, Dallas, TX 75247.

5.      Defendant uses the mail and telephone in a business which includes the collection of debts.

6.      Defendant regularly conducts business in the state of Florida.

7.      Defendant is a "debt collector" as defined in the FDCPA.

### FACTUAL ALLEGATIONS

8.      Plaintiff purchased a used 2000 Jeep Wrangler from Enterprise Leasing in Pompano, Florida. *See* Sales Documents attached as Exhibit A.

9.      During the term of Plaintiff's loan Defendant acquired the loan from the company which originally financed the subject vehicle.

10.     Just before Plaintiff made his final payments to Defendant, he received correspondence stating that once his final payment to Defendant was made he would owe Defendant an additional $7,941.31. *See* Correspondence dated January 1, 2012 attached as Exhibit B.

11.     The correspondence offered no explanation why Plaintiff was required to pay the additional sum.

12.     Plaintiff attempted to obtain clarification as to why he was obligated to pay the additional amounts and Defendant, through its employees or agents was unable to provide a satisfactory explanation.

13.     Plaintiff did not agree to pay any amounts in excess of what he was obligated to pay under the terms of the finance agreement.

2

14.     Soon after Plaintiff made his final payment, Defendant began efforts to collect the additional sum referenced in its January 1, 2012 letter.

15.     Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four yeas of the filing of this complaint.

16.     Plaintiff did not expressly consent to Defendant's telephone calls to her cellular telephone by the use of an automatic telephone dialing system, or a pre-recorded, or artificial voice prior to Defendant's placement of the calls.

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

18.     Since October 2011 Defendant has made more than 400 calls to Plaintiff's place of employment. *See* call logs attached as Exhibit C.

19.     Plaintiff made numerous requests that Defendant cease calling him at work, but Defendant continued to call.

20.     Defendant called Plaintiff's place of employment four to five times per day on average.

21.     Defendant also placed calls to Plaintiff's cell phone several times a day in addition to the calls it made to his place of employment.

22.     Additionally, Defendant has failed to tender title to Plaintiff's vehicle though he has made all of his payments required under the finance agreement.

23.     Recently, Plaintiff pulled his credit information and discovered that negative information had been reported by Defendant regarding Plaintiff's vehicle loan.

3

24.     Plaintiff made it clear on numerous occasions that he disputed the amount Defendant claims he owed and that Defendant had failed to explain to him why he owed said amount.

25.     To-date, Plaintiff's credit history continues to show negative information regarding the debt Defendant alleges Plaintiff owes.

26.     To-date, Defendant has failed to provide a valid explanation as to why it alleged Plaintiff owes an additional $7,941.31 after making all of his payments for a vehicle which was financed for a total amount of $20,029.28

27.     On May 25, 2012, Plaintiff served Defendant with a demand letter and a copy of the complaint containing allegations 1-26 as well as the allegations in Counts I-V. *See* attached demand letter and complaint attached as Exhibit D.

28.     By service of the letter and the prior draft of this complaint, Defendant was clearly placed on notice that Plaintiff disputed the alleged debt.

29.     Defendant also served a letter to Plaintiff's counsel which requested permission from Plaintiff to discuss the account with his counsel. *See* attached correspondence from Defendant attached as Exhibit E.

30.     Despite being placed on notice as to the dispute on or about June 15, 2012, the vehicle was repossessed by TWI of Florida, Inc. *See* attached Notice of Seizure and Personal Property Notice attached as Exhibit F.

31.     On information and belief, TWI of Florida, Inc. repossessed the vehicle at Defendant's direction.

## COUNT I
## VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT 15 U.S.C. § 1692

32.     Plaintiff incorporates Paragraphs 1 through 31.

33.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in violation of 15 U.S.C. § 1692d(6).

34.     Defendant placed telephone calls to Plaintiff at a time and place known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

35.     Defendant engaged in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

36.     Defendant caused the telephone to ring and engaged Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

37.     Defendant made false, deceptive and misleading statements in connection with debt collection in violation of 15 U.S.C. § 1692e.

38.     Defendant made false representations and engaged in deceptive practices to collect a debt or obtain information in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Statutory and Actual Damages;

b.     Attorney's fees, litigation expenses and costs of suit

c.     Entry of Order by the Court allowing the Plaintiff to amend this cause to assert punitive damages, after determination by the Court of the existence of sufficient record evidence for such; and

5

d.      Such other or further relief as the Court deems proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

39.     Plaintiff incorporates Paragraphs 1 through 31.

40.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

41.     Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

42.     Defendant intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

43.     Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

44.     These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.       Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT§ 559.72 Fla. Stat.

45.     Plaintiff incorporates Paragraphs 1 through 31.

46.     Defendant willfully communicated with the Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

47.     Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

48.     Defendant failed on one or more occasions to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by Plaintiff from whom she or he is collecting or attempting to collect a consumer debt.

49.     On one or more occasion Defendant failed to disclose its name, that it is a debt collector and the purpose of its communications

50.     Defendant willfully engaged in such behavior is direct violation of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.       Statutory and Actual Damages;

b.       Attorney's fees, litigation expenses and costs of suit;

c.       Entry of Order by the Court allowing the Plaintiff to amend this cause to assert punitive damages, after determination by the Court of the existence of sufficient record evidence for such.; and

       d.      Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

51.     Plaintiff incorporates Paragraphs 1 through 31.

52.     Plaintiff brings this action against Defendant under sections 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681n, and 15 U.S.C. § 1681o of the Fair Credit Reporting Act.

53.     Plaintiff is a "consumer" as defined in 15 USCS § 1681a(c).

54.     Defendant is a "furnisher" of credit information as described in 15 USCS § 1681s-2.

55.     Defendant reported information regarding Plaintiff to one or more credit bureaus that it knew or should have known was incorrect.

56.     On multiple occasions Plaintiff informed Defendant that the information reported was incorrect.

57.     Defendant failed to perform a reasonable investigation into Plaintiff's claims as required by 15 U.S.C. § 1681s-2(b).

58.     Defendant has willfully or negligently failed to comply with the Fair Credit Reporting Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

       a.      Damages;

       b.      Attorney's fees, litigation expenses and costs of suit;

       c.      Entry of Order by the Court allowing the Plaintiff to amend this cause to assert punitive damages, after determination by the Court of the existence of sufficient record evidence for such.; and

8

d.      Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

59.     Plaintiff incorporates Paragraphs 1 through 31.

60.     Defendant  placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (B)(1)(a)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Such other or further relief as the Court deems proper.

## COUNT VI
## BREACH OF CONTRACT

61.     Plaintiff incorporates Paragraphs 1 through 31.

62.     On or about May 20, 2007 Plaintiff entered into a contract with Defendant's processor in interest whereby Plaintiff agreed to pay the total sum of $17,789.28 for the subject vehicle, including all interest and fees, by making 48 payments of $370.61.

63.     Plaintiff made all 48 payments as agreed to in the contract.

64.     Despite making all payments required by the contract, Defendant had the vehicle repossessed on or about June 16, 2012.

65.     Plaintiff has been damaged by Defendant's breach of the contract.

66.     Upon information and belief eth contract between the parties allowed recovery of attorney's fees in the event of a breach by Plaintiff.

67.    Under Florida Statute § 57.105 Plaintiff is entitled to recover attorney's fees based upon a breach by Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT VII
## CONVERSION

Plaintiff incorporates Paragraphs 1 through 31.

68.    Defendant wrongfully repossessed the subject vehicle from Plaintiff.

69.    Defendant converted the subject vehicle for its own use or benefit

70.    Defendant's actions permanently deprived Plaintiff of the subject vehicle.

71.    The deprivation is inconsistent with the Defendant's ownership interest in the subject vehicle.

72.    Plaintiff has and continues to suffer damages as a result of Defendant's conversion of the subject vehicle

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Such other or further relief as the Court deems proper.

## COUNT VIII
## UNJUST ENRICHMENT

73.    Plaintiff incorporates Paragraphs 1 through 31.

74.    Dealer wrongfully took interest of the subject vehicle and has deprived Plaintiff of the benefits of the subject vehicle.

75.    Defendant voluntarily accepted and retained the benefit conferred.

76.    The circumstances render the Defendant's retention of the benefit inequitable unless Defendant pays to Plaintiff the value of the benefit.

77.    Plaintiff has and continues to suffer damages as a result of the Defendant's retention of the benefits conferred.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Such other or further relief as the Court deems proper.

## COUNT IX
## REPLEVIN

78.    Plaintiff incorporates Paragraphs 1 through 31.

79.    This is an action for replevin pursuant to the provisions of Chapter 78, Florida Statutes.

80.    Plaintiff is the owner of the subject vehicle.

81.    Plaintiff is fully entitled to full possession of said property.

82.    Said property is wrongfully detained by Defendant, who came into possession of the property by virtue or a wrongful and fraudulent repossession.

83.    Pursuant to Florida Law, Defendant has no legal or equitable right to hold possession of said property, and has no legal or equitable right to a lien on said property.

84.    The aforesaid property has not been taken for any tax, assessment, or fine pursuant to law.

85.    The subject property has not been taken under any legal execution or attachment against the property.

86.    Plaintiff is entitled to *immediate* possession of his vehicle.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    An order to Show Cause, directing the Defendant to show cause why the aforesaid property of the Plaintiff should not be taken from the possession of the Defendant and delivered to the Plaintiff forthwith;

b.    Such other or further relief as the Court deems proper.

## COUNT X
## WRONGFUL REPOSESSION

87.    Plaintiff incorporates Paragraphs 1 through 31.

88.    Defendant violated Florida Law, including Florida Statute § 679.101 et. seq., in repossessing Plaintiff's vehicle without the right to possess and without proper notice to Plaintiff.

89.    Defendant violated Chapter 679 by repossessing the subject vehicle when Plaintiff was not in default.

90.    Defendant violated Chapter 679 in repossessing the subject vehicle when it had no present or legal right to possess the vehicle.

91.    Defendant's actions were done intentionally and with the deliberate disregard of the rights of Plaintiff.

92.    Defendant's wrongful repossession constitutes a willful conversion of the subject vehicle.

93.    Plaintiff has been damaged by Plaintiff's wrongful repossession of the vehicle.

12

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit;

    c.  Entry of Order by the Court allowing the Plaintiff to amend this cause to assert punitive damages, after determination by the Court of the existence of sufficient record evidence for such.; and

    d.    Such other or further relief as the Court deems proper.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

BROMAGEN & RATHET, P.A.

JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL 32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com

# EXHIBIT A

## SIMPLE FINANCE CHARGE

Dealer Number _____    Contract Number _____

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| DARIN M RAGSTONE | ENTERPRISE LEASING - 4175 |
| | 5001 N. FEDERAL HWY. |
| 380 NE 43ST.  OAKLAND PARK  FL  BROWARD  33334 | POMPANO  FL  33064 |
| Buyer's Month of Birth: January | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of _____% per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2000 | JEEP WRANGLER | | 1J4FA49S7YP763293 | ☐ personal, family or household<br>☐ business<br>☐ agricultural            ☐ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $2240.00 |
|---|---|---|---|---|
| 25.95 % | $ 6913.66 | $ 10875.54 | $ 17789.20 | $ 20029.2 |

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $370.61 | Monthly beginning  Jan 4 2009 |

Or As Follows:       N/A

Late Charge. If payment is not received in full within ___10___ days after it is due, you will pay a late charge of ___5___ % of the part of the payment that is late.

Prepayment. If you pay off all your debt early, you may have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

#### Insurance.
You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your decision to buy or not buy other insurance will not be a factor in the credit approval process. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates will show the terms and conditions.

#### Check the insurance you want and sign below:
**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

Term _____

☐ Credit Disability (Buyer Only)

Term _____

Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A

Insurance Company Name _____

Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments: 1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X _____
Buyer                                          Date

X _____
Co-Buyer                                       Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____
Buyer                                          Date

### ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ ___698.97___ sales tax) $ 12348.97 (1)

2 Total Downpayment =

    Trade-In _____
    (Year)      (Make)          (Model)

    Trade-In _____
    (VIN)

| | |
|---|---|
| Gross Trade-In Allowance | $ N/A |
| Less Pay Off Made By Seller | $ N/A |
| Equals Net Trade In | $ 2240.00 |
| + Cash | $ N/A |
| + Other | $ 2240.00 |

(If total downpayment is negative, enter "0" and see 4I below) $ 2240.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 10108.99 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):

  A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| | | |
|---|---|---|
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C Other Insurance Paid to Insurance Company or Companies | | $ N/A |
| D Official Fees Paid to Government Agencies | | $ 1.50 |
| E Government Documentary Stamp Taxes | | $ 58.10 |
| F Government Taxes Not Included in Cash Price | | $ N/A |

| | | | |
|---|---|---|---|
| | Other Insurance Paid to Insurance Company or | ilies | $ | 1.50 |
| D | Official Fees Paid to Government Agencies | | $ |
| E | Government Documentary Stamp Taxes | | $ | 38.15 |
| F | Government Taxes Not Included in Cash Price | | $ | N/A |
| G | Government License and/or Registration Fees | | $ | 258.00 Estimated |
| H | Government Certificate of Title Fees | | $ | 97% |
| J | Other Charges (Seller must identify who is paid to and describe purpose) | | |
| | Account Bal due | for Prior Credit or Lease Balance | $ | N/A |
| | Rescind due to | for GAP PROTECTION | $ | 229.00 |
| | to | for | $ | N/A |
| | to | for | $ | N/A |
| | to | for | $ | N/A |
| | to | for | $ | N/A |
| | to | for | $ | N/A |
| | to | for | $ | N/A |
| | | | | 788.55 |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | | $ | (4) |
| 5 | Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | | $ | 10615.00 (5) |
| 6 | Amount Financed (3 plus 4) | | $ | 01 04? 91. (6) |
| | Payment Schedule: ____ installments of $ ____ each, monthly beginning ____ or as follows |

contain this restriction.)

X _____
Buyer                              Date

X _____
Co-Buyer                           Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X _____
Buyer                              Date

X _____
Co-Buyer                           Date

### Other Insurance

☐ Type of Insurance ____ N/A ____ Term ____

Premium $ ____ N/A ____

Insurance Company Name ____

Home Office Address ____

I want the insurance checked above.

X _____
Buyer Signature                    Date

X _____
Co-Buyer Signature                 Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ ____ and is also shown in Item 4B of the ITEMIZATION OF AMOUNT FINANCED. The coverage is for the initial term of the contract.
You authorize us to purchase Vendor's or Lender's Single-Interest Insurance.

Buyer: _____ Co-Buyer: _____ Date: _____

**Returned Check Charge:** If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $30 if the check is over $50 but not more than $300; $40 if the check amount is over $300, or such amount as permitted by law.

OPTION: ☐ You pay no finance charge if the amount financed, Item 6, is paid in full on or before ____, Year ____ SELLERS INITIALS ____

---

### NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _____   Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.
**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

*You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.*

Buyer Signs X _____ Date _____   Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs _____ Date _____ By X _____ Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse

# EXHIBIT B



**Santander**
CONSUMER USA

# Loan Assistance Program

DARIN MANGIONE
6822 S SHAMROCK RD APT 205
TAMPA, FL 33616-2523

1000

Account Number: 30000172038641000

| | | | |
|---|---|---|---|
| Year: | 2000 | Model: | WRANGLER |
| Make: | JEEP | VIN: | 1J4FA49S7YP763293 |

**Date:**      01/01/2012

**Payoff:** $7,941.31 *(valid for 15 days from the date of this letter)*

Dear Darin Mangione,

Congratulations your vehicle is almost paid off!!

You may be aware that your loan with Santander Consumer USA is scheduled to mature on 02/19/2012 at which time the balance of your account is due in full.

Unable to pay the entire balance by the maturity date?

Don't worry!  You are a valued customer and we want to help!

Santander Consumer USA has some programs available to assist customers just like you who are close to loan payoff but may not have the funds to pay the full balance at one time.

You may qualify for loan assistance, so give us a call at 888-222-4227 to find out the full details.

This offer is only valid until  01/16/2012  so please contact us as soon as possible.

Thank you for your continued business.

Sincerely,
*The Santander Consumer USA Loan Servicing Team*

 |  

© 2007-2009 SANTANDER CONSUMER USA INC.
Drive is a federally registered trademark. All Rights Reserved. If Confidential and Proprietary

# EXHIBIT C

| SID | Date | Time | Ext | Trunk | Dir | TN | | Ring Len |
|---|---|---|---|---|---|---|---|---|
| 2652393 | 2011-10-0 | 11:47:00 | 104 | 16 | IN | 3034366000 | | 00:00:00 |
| 2652852 | 2011-10-0 | 12:42:00 | 104 | 22 | IN | 3034366000 | | 00:00:00 |
| 2653942 | 2011-10-0 | 14:41:00 | 104 | 1 | IN | 2142373670 | | 00:00:00 |
| 2656511 | 2011-10-0 | 09:26:00 | 104 | 19 | IN | 2146973115 | | 00:00:00 |
| 2658526 | 2011-10-0 | 13:15:00 | 104 | 21 | IN | 2144567000 | | 00:00:00 |
| 2658585 | 2011-10-0 | 13:26:00 | 104 | 23 | IN | 2148216007 | | 00:00:00 |
| 2658662 | 2011-10-0 | 13:31:00 | 104 | 23 | IN | 2148216007 | | 00:00:00 |
| 2660094 | 2011-10-0 | 15:45:00 | 104 | 19 | IN | 3036589000 | | 00:00:00 |
| 2660999 | 2011-10-0 | 17:18:00 | 104 | 22 | IN | 3036589000 | | 00:00:00 |
| 2661661 | 2011-10-0 | 08:40:00 | 104 | 22 | IN | 2147040257 | | 00:00:00 |
| 2661893 | 2011-10-0 | 09:27:00 | 104 | 23 | IN | 2144567000 | | 00:00:00 |
| 2661906 | 2011-10-0 | 09:30:00 | 104 | 22 | IN | 2146973115 | | 00:00:00 |
| 2663240 | 2011-10-0 | 12:05:00 | 104 | 20 | IN | 2142373516 | | 00:00:00 |
| 2664301 | 2011-10-0 | 14:23:00 | 104 | 15 | IN | 8179634548 | | 00:00:00 |
| 2666133 | 2011-10-0 | 17:16:00 | 104 | 19 | IN | 8172401636 | | 00:00:00 |
| 2667008 | 2011-10-0 | 09:34:00 | 104 | 20 | IN | 8173712371 | | 00:00:00 |
| 2667735 | 2011-10-0 | 10:57:00 | 104 | 21 | IN | 2146342224 | | 00:00:00 |
| 2669630 | 2011-10-0 | 14:25:00 | 104 | 21 | IN | 2146143300 | | 00:00:00 |
| 2672553 | 2011-10-0 | 10:03:00 | 104 | 23 | IN | 2147040257 | | 00:00:00 |
| 2675776 | 2011-10-1 | 17:10:00 | 104 | 21 | IN | 3035134031 | | 00:00:00 |
| 2676914 | 2011-10-1 | 10:06:00 | 104 | 21 | IN | 3039745822 | | 00:00:00 |
| 2677380 | 2011-10-1 | 11:11:00 | 104 | 11 | IN | 2145423741 | | 00:00:00 |
| 2678689 | 2011-10-1 | 13:56:00 | 104 | 15 | IN | 2146342224 | | 00:00:00 |
| 2678760 | 2011-10-1 | 14:02:00 | 104 | 20 | IN | 2146342224 | | 00:00:00 |
| 2680744 | 2011-10-1 | 16:52:00 | 104 | 19 | IN | 2147040257 | | 00:00:00 |
| 2684883 | 2011-10-1 | 15:14:00 | 104 | 23 | IN | 2143949976 | | 00:00:00 |
| 2686336 | 2011-10-1 | 17:25:00 | 104 | 23 | IN | 3039058575 | | 00:00:00 |
| 2697395 | 2011-10-1 | 09:43:00 | 104 | 18 | IN | 2145787667 | | 00:00:00 |
| 2699876 | 2011-10-1 | 14:44:00 | 104 | 20 | IN | 3036589000 | | 00:00:00 |
| 2702939 | 2011-10-1 | 10:49:00 | 104 | 20 | IN | 2146342224 | | 00:00:00 |
| 2704001 | 2011-10-1 | 13:20:00 | 104 | 22 | IN | 2142365372 | | 00:00:00 |
| 2704050 | 2011-10-1 | 13:31:00 | 104 | 23 | IN | 2147533647 | | 00:00:00 |
| 2704075 | 2011-10-1 | 13:36:00 | 104 | 23 | IN | 2147533647 | | 00:00:00 |
| 2704165 | 2011-10-1 | 13:49:00 | 104 | 16 | IN | 8176883529 | | 00:00:00 |
| 2705538 | 2011-10-1 | 15:57:00 | 104 | 19 | IN | 2144986303 | | 00:00:00 |
| 2706391 | 2011-10-1 | 17:30:00 | 104 | 18 | IN | 3034358952 | | 00:00:00 |
| 2709099 | 2011-10-1 | 14:37:00 | 104 | 23 | IN | 2147533647 | | 00:00:00 |
| 2709407 | 2011-10-1 | 15:06:00 | 104 | 23 | IN | 8174629000 | | 00:00:00 |
| 2711303 | 2011-10-2 | 08:51:00 | 104 | 22 | IN | 8178818900 | | 00:00:00 |
| 2711875 | 2011-10-2 | 11:00:00 | 104 | 23 | IN | 8178818900 | | 00:00:00 |
| 2712095 | 2011-10-2 | 11:32:00 | 104 | 18 | IN | 8174629000 | | 00:00:00 |
| 2712227 | 2011-10-2 | 11:46:00 | 104 | 19 | IN | 2142373516 | | 00:00:00 |
| 2715479 | 2011-10-2 | 10:05:00 | 104 | 22 | IN | 2146342224 | | 00:00:00 |
| 2715501 | 2011-10-2 | 10:07:00 | 104 | 21 | IN | 2146342224 | | 00:00:00 |
| 2718070 | 2011-10-2 | 15:21:00 | 104 | 22 | IN | 2149476117 | | 00:00:00 |
| 2718376 | 2011-10-2 | 15:53:00 | 104 | 19 | IN | 8178818900 | | 00:00:00 |

469, 214, 303, 817

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2718431 | 2011-10-2 | 15:57:00 | 104 | 20 | IN | 8178818900 | 00:00:00 |
| 2718597 | 2011-10-2 | 16:16:00 | 104 | 17 | IN | 2147040257 | 00:00:00 |
| 2718747 | 2011-10-2 | 16:35:00 | 104 | 20 | IN | 2149476117 | 00:00:00 |
| 2719609 | 2011-10-2 | 08:58:00 | 104 | 23 | IN | 8173380100 | 00:00:00 |
| 2720361 | 2011-10-2 | 10:50:00 | 104 | 14 | IN | 2145402035 | 00:00:00 |
| 2720868 | 2011-10-2 | 11:48:00 | 104 | 21 | IN | 3035731130 | 00:00:00 |
| 2722221 | 2011-10-2 | 14:51:00 | 104 | 21 | IN | 2145402035 | 00:00:00 |
| 2722959 | 2011-10-2 | 15:55:00 | 104 | 20 | IN | 2147142032 | 00:00:00 |
| 2723900 | 2011-10-2 | 17:31:00 | 104 | 16 | IN | 2145402035 | 00:00:00 |
| 2724914 | 2011-10-2 | 10:19:00 | 104 | 21 | IN | 3036033000 | 00:00:00 |
| 2726426 | 2011-10-2 | 13:47:00 | 104 | 23 | IN | 8173031155 | 00:00:00 |
| 2727369 | 2011-10-2 | 15:34:00 | 104 | 22 | IN | 8178818900 | 00:00:00 |
| 2727386 | 2011-10-2 | 15:35:00 | 104 | 23 | IN | 8178818900 | 00:00:00 |
| 2727858 | 2011-10-2 | 16:26:00 | 104 | 18 | IN | 3035033134 | 00:00:00 |
| 2727889 | 2011-10-2 | 16:30:00 | 104 | 22 | IN | 2149295304 | 00:00:00 |
| 2728335 | 2011-10-2 | 17:25:00 | 104 | 22 | IN | 3035064659 | 00:00:00 |
| 2730959 | 2011-10-2 | 13:27:00 | 104 | 22 | IN | 8174629000 | 00:00:00 |
| 2731232 | 2011-10-2 | 14:04:00 | 104 | 16 | IN | 2146143380 | 00:00:00 |
| 2733094 | 2011-10-2 | 17:16:00 | 104 | 23 | IN | 8178818900 | 00:00:00 |
| 2738528 | 2011-10-2 | 10:10:00 | 104 | 18 | IN | 2145402035 | 00:00:00 |
| 2738635 | 2011-10-2 | 10:26:00 | 104 | 22 | IN | 3034366000 | 00:00:00 |
| 2739313 | 2011-10-2 | 11:47:00 | 104 | 19 | IN | 2146313333 | 00:00:00 |
| 2739366 | 2011-10-2 | 11:54:00 | 104 | 23 | IN | 2146317474 | 00:00:00 |
| 2739868 | 2011-10-2 | 13:22:00 | 104 | 20 | IN | 4693662100 | 00:00:00 |
| 2740403 | 2011-10-2 | 14:29:00 | 104 | 20 | IN | 2146347744 | 00:00:00 |
| 2742781 | 2011-10-3 | 09:53:00 | 104 | 23 | IN | 3034366000 | 00:00:00 |
| 2742811 | 2011-10-3 | 09:57:00 | 104 | 23 | IN | 3034366000 | 00:00:00 |
| 2750755 | 2011-11-0 | 15:57:00 | 104 | 20 | IN | 8172631901 | 00:00:00 |
| 2750866 | 2011-11-0 | 16:07:00 | 104 | 11 | IN | 3035064659 | 00:00:00 |
| 2752243 | 2011-11-0 | 09:25:00 | 104 | 22 | IN | 2149910743 | 00:00:00 |
| 2752490 | 2011-11-0 | 10:04:00 | 104 | 22 | IN | 8172331761 | 00:00:00 |
| 2754513 | 2011-11-0 | 13:58:00 | 104 | 16 | IN | 2144986303 | 00:00:00 |
| 2754551 | 2011-11-0 | 14:02:00 | 104 | 19 | IN | 3035257878 | 00:00:00 |
| 2757931 | 2011-11-0 | 10:14:00 | 104 | 12 | IN | 4693855260 | 00:00:00 |
| 2758890 | 2011-11-0 | 11:51:00 | 104 | 17 | IN | 3033199066 | 00:00:00 |
| 2759706 | 2011-11-0 | 13:36:00 | 104 | 21 | IN | 4693855260 | 00:00:00 |
| 2761805 | 2011-11-0 | 16:35:00 | 104 | 17 | IN | 8172631901 | 00:00:00 |
| 2762097 | 2011-11-0 | 17:04:00 | 104 | 18 | IN | 8177149792 | 00:00:00 |
| 2762109 | 2011-11-0 | 17:05:00 | 104 | 18 | IN | 3034366000 | 00:00:00 |
| 2766377 | 2011-11-0 | 15:47:00 | 104 | 16 | IN | 8178841997 | 00:00:00 |
| 2770117 | 2011-11-0 | 13:26:00 | 104 | 18 | IN | 2142660000 | 00:00:00 |
| 2770826 | 2011-11-0 | 14:27:00 | 104 | 22 | IN | 2147142032 | 00:00:00 |
| 2770848 | 2011-11-0 | 14:28:00 | 104 | 13 | IN | 2147142032 | 00:00:00 |
| 2772415 | 2011-11-0 | 16:46:00 | 104 | 22 | IN | 2146143300 | 00:00:00 |
| 2773969 | 2011-11-0 | 10:18:00 | 104 | 10 | IN | 8172631901 | 00:00:00 |
| 2774034 | 2011-11-0 | 10:24:00 | 104 | 21 | IN | 2142373516 | 00:00:00 |
| 2774393 | 2011-11-0 | 11:11:00 | 104 | 9 | IN | 2144986303 | 00:00:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2775537 | 2011-11-0 | 13:50:00 | 104 | 15 | IN | 2144986303 | 00:00:00 |
| 2775599 | 2011-11-0 | 13:57:00 | 104 | 23 | IN | 2144986303 | 00:00:00 |
| 2775725 | 2011-11-0 | 14:11:00 | 104 | 22 | IN | 2142373516 | 00:00:00 |
| 2776887 | 2011-11-0 | 15:57:00 | 104 | 6 | IN | 2142373516 | 00:00:00 |
| 2777085 | 2011-11-0 | 16:14:00 | 104 | 20 | IN | 8178818900 | 00:00:00 |
| 2777321 | 2011-11-0 | 16:30:00 | 104 | 18 | IN | 3033199066 | 00:00:00 |
| 2777627 | 2011-11-0 | 17:03:00 | 104 | 23 | IN | 8172631901 | 00:00:00 |
| 2778308 | 2011-11-0 | 09:03:00 | 104 | 21 | IN | 3033021410 | 00:00:00 |
| 2778604 | 2011-11-0 | 09:47:00 | 104 | 22 | IN | 8172631901 | 00:00:00 |
| 2780415 | 2011-11-0 | 13:34:00 | 104 | 21 | IN | 2144986303 | 00:00:00 |
| 2780500 | 2011-11-0 | 13:43:00 | 104 | 15 | IN | 2144986303 | 00:00:00 |
| 2780908 | 2011-11-0 | 14:24:00 | 104 | 23 | IN | 2142402842 | 00:00:00 |
| 2780964 | 2011-11-0 | 14:30:00 | 104 | 22 | IN | 8174629000 | 00:00:00 |
| 2781830 | 2011-11-0 | 15:53:00 | 104 | 14 | IN | 3038178091 | 00:00:00 |
| 2782620 | 2011-11-0 | 17:04:00 | 104 | 19 | IN | 3033021410 | 00:00:00 |
| 2784471 | 2011-11-1 | 11:42:00 | 104 | 11 | IN | 2142660000 | 00:00:00 |
| 2788133 | 2011-11-1 | 09:40:00 | 104 | 18 | IN | 4698318315 | 00:00:00 |
| 2790728 | 2011-11-1 | 15:11:00 | 104 | 22 | IN | 8176374528 | 00:00:00 |
| 2792815 | 2011-11-1 | 09:37:00 | 104 | 23 | IN | 3038985261 | 00:00:00 |
| 2795664 | 2011-11-1 | 15:15:00 | 104 | 22 | IN | 2142373670 | 00:00:00 |
| 2796817 | 2011-11-1 | 17:01:00 | 104 | 22 | IN | 8175708005 | 00:00:00 |
| 2797016 | 2011-11-1 | 17:24:00 | 104 | 19 | IN | 2142747283 | 00:00:00 |
| 2797642 | 2011-11-1 | 09:34:00 | 104 | 23 | IN | 4693662100 | 00:00:00 |
| 2797718 | 2011-11-1 | 09:45:00 | 104 | 21 | IN | 8174629000 | 00:00:00 |
| 2798291 | 2011-11-1 | 11:07:00 | 104 | 14 | IN | 2143471402 | 00:00:00 |
| 2798584 | 2011-11-1 | 11:35:00 | 104 | 13 | IN | 2144567000 | 00:00:00 |
| 2799567 | 2011-11-1 | 13:51:00 | 104 | 23 | IN | 2142660000 | 00:00:00 |
| 2801223 | 2011-11-1 | 16:39:00 | 104 | 18 | IN | 8175708005 | 00:00:00 |
| 2802965 | 2011-11-1 | 10:52:00 | 104 | 19 | IN | 2145402035 | 00:00:00 |
| 2804131 | 2011-11-1 | 13:43:00 | 104 | 13 | IN | 2145402035 | 00:00:00 |
| 2805476 | 2011-11-1 | 16:00:00 | 104 | 19 | IN | 2145402035 | 00:00:00 |
| 2807536 | 2011-11-1 | 10:57:00 | 104 | 17 | IN | 2142373516 | 00:00:00 |
| 2809238 | 2011-11-1 | 14:26:00 | 104 | 16 | IN | 2144986303 | 00:00:00 |
| 2809868 | 2011-11-1 | 15:26:00 | 104 | 20 | IN | 2144567000 | 00:00:00 |
| 2810007 | 2011-11-1 | 15:43:00 | 104 | 20 | IN | 2144986303 | 00:00:00 |
| 2810083 | 2011-11-1 | 15:47:00 | 104 | 11 | IN | 2144986303 | 00:00:00 |
| 2810101 | 2011-11-1 | 15:48:00 | 104 | 10 | IN | 2144844279 | 00:00:00 |
| 2811971 | 2011-11-1 | 10:17:00 | 104 | 22 | IN | 8178818900 | 00:00:00 |
| 2814730 | 2011-11-1 | 15:37:00 | 104 | 18 | IN | 2144844279 | 00:00:00 |
| 2815451 | 2011-11-1 | 16:50:00 | 104 | 18 | IN | 8176759723 | 00:00:00 |
| 2819374 | 2011-11-2 | 15:03:00 | 104 | 17 | IN | 8174629000 | 00:00:00 |
| 2820547 | 2011-11-2 | 16:49:00 | 104 | 13 | IN | 2146457811 | 00:00:00 |
| 2821560 | 2011-11-2 | 09:55:00 | 104 | 23 | IN | 8173031164 | 00:00:00 |
| 2821564 | 2011-11-2 | 09:56:00 | 104 | 23 | IN | 8173031164 | 00:00:00 |
| 2821848 | 2011-11-2 | 10:43:00 | 104 | 23 | IN | 4692417000 | 00:00:00 |
| 2822573 | 2011-11-2 | 12:03:00 | 104 | 20 | IN | 3033686274 | 00:00:00 |
| 2825037 | 2011-11-2 | 17:27:00 | 104 | 17 | IN | 2147040257 | 00:00:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2825551 | 2011-11-2 | 08:51:00 | 104 | 22 | IN | 2147040257 | 00:00:00 |
| 2826487 | 2011-11-2 | 11:19:00 | 104 | 22 | IN | 2147040257 | 00:00:00 |
| 2826778 | 2011-11-2 | 11:58:00 | 104 | 18 | IN | 3034366000 | 00:00:00 |
| 2830481 | 2011-11-2 | 11:18:00 | 104 | 18 | IN | 8178818900 | 00:00:00 |
| 2834463 | 2011-11-2 | 10:20:00 | 104 | 21 | IN | 3034423960 | 00:00:00 |
| 2834679 | 2011-11-2 | 10:55:00 | 104 | 15 | IN | 2146143300 | 00:00:00 |
| 2837570 | 2011-11-2 | 16:21:00 | 104 | 21 | IN | 3035731130 | 00:00:00 |
| 2839462 | 2011-11-3 | 10:50:00 | 104 | 20 | IN | 2142373516 | 00:00:00 |
| 2840540 | 2011-11-3 | 13:17:00 | 104 | 19 | IN | 2142660000 | 00:00:00 |
| 2841274 | 2011-11-3 | 14:47:00 | 104 | 22 | IN | 2142373516 | 00:00:00 |
| 2842319 | 2011-11-3 | 16:33:00 | 104 | 20 | IN | 2142373516 | 00:00:00 |
| 2843912 | 2011-12-0 | 10:34:00 | 104 | 10 | IN | 2144986303 | 00:00:00 |
| 2844055 | 2011-12-0 | 10:56:00 | 104 | 21 | IN | 8178870121 | 00:00:00 |
| 2848295 | 2011-12-0 | 10:19:00 | 104 | 21 | IN | 2144986303 | 00:00:00 |
| 2848647 | 2011-12-0 | 10:56:00 | 104 | 23 | IN | 4693855260 | 00:00:00 |
| 2848679 | 2011-12-0 | 11:00:00 | 104 | 17 | IN | 3034825040 | 00:00:00 |
| 2850329 | 2011-12-0 | 14:26:00 | 104 | 20 | IN | 2144986303 | 00:00:00 |
| 2850923 | 2011-12-0 | 15:44:00 | 104 | 21 | IN | 2144986303 | 00:00:00 |
| 2851072 | 2011-12-0 | 16:01:00 | 104 | 12 | IN | 4693855260 | 00:00:00 |
| 2851372 | 2011-12-0 | 16:40:00 | 104 | 15 | IN | 2146415274 | 00:00:00 |
| 2851561 | 2011-12-0 | 17:05:00 | 104 | 20 | IN | 3034358952 | 00:00:00 |
| 2851646 | 2011-12-0 | 17:24:00 | 104 | 19 | IN | 2144986303 | 00:00:00 |
| 2852667 | 2011-12-0 | 10:26:00 | 104 | 21 | IN | 2144986303 | 00:00:00 |
| 2853410 | 2011-12-0 | 11:56:00 | 104 | 19 | IN | 2142373670 | 00:00:00 |
| 2854711 | 2011-12-0 | 15:03:00 | 104 | 12 | IN | 2144986303 | 00:00:00 |
| 2858699 | 2011-12-0 | 14:21:00 | 104 | 19 | IN | 8178818900 | 00:00:00 |
| 2858727 | 2011-12-0 | 14:24:00 | 104 | 13 | IN | 8178818900 | 00:00:00 |
| 2859565 | 2011-12-0 | 15:53:00 | 104 | 18 | IN | 3034423960 | 00:00:00 |
| 2860785 | 2011-12-0 | 08:53:00 | 104 | 22 | IN | 3035224975 | 00:00:00 |
| 2860972 | 2011-12-0 | 09:27:00 | 104 | 20 | IN | 8172331761 | 00:00:00 |
| 2861466 | 2011-12-0 | 10:40:00 | 104 | 14 | IN | 2145402035 | 00:00:00 |
| 2861542 | 2011-12-0 | 10:50:00 | 104 | 11 | IN | 8176001117 | 00:00:00 |
| 2863046 | 2011-12-0 | 14:15:00 | 104 | 20 | IN | 2143949976 | 00:00:00 |
| 2863510 | 2011-12-0 | 15:05:00 | 104 | 20 | IN | 3034423960 | 00:00:00 |
| 2863817 | 2011-12-0 | 15:32:00 | 104 | 20 | IN | 4693383794 | 00:00:00 |
| 2863828 | 2011-12-0 | 15:33:00 | 104 | 21 | IN | 4693383794 | 00:00:00 |
| 2864135 | 2011-12-0 | 15:58:00 | 104 | 21 | IN | 8178484729 | 00:00:00 |
| 2865970 | 2011-12-0 | 10:36:00 | 104 | 20 | IN | 2142373516 | 00:00:00 |
| 2868012 | 2011-12-0 | 15:02:00 | 104 | 20 | IN | 8178885770 | 00:00:00 |
| 2868021 | 2011-12-0 | 15:02:00 | 104 | 12 | IN | 8178885770 | 00:00:00 |
| 2868049 | 2011-12-0 | 15:05:00 | 104 | 17 | IN | 8178885770 | 00:00:00 |
| 2868057 | 2011-12-0 | 15:06:00 | 104 | 12 | IN | 8178885770 | 00:00:00 |
| 2868281 | 2011-12-0 | 15:30:00 | 104 | 18 | IN | 2142373516 | 00:00:00 |
| 2869365 | 2011-12-0 | 17:13:00 | 104 | 20 | IN | 2142373516 | 00:00:00 |
| 2871331 | 2011-12-0 | 12:03:00 | 104 | 16 | IN | 3035731130 | 00:00:00 |
| 2873233 | 2011-12-0 | 16:08:00 | 104 | 22 | IN | 2147109717 | 00:00:00 |
| 2873783 | 2011-12-0 | 17:22:00 | 104 | 19 | IN | 8172331761 | 00:00:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2878254 | 2011-12-1 | 16:44:00 | 104 | 14 | IN | 2146777224 | 00:00:00 |
| 2879059 | 2011-12-1 | 08:41:00 | 104 | 23 | IN | 4693686400 | 00:00:00 |
| 2879122 | 2011-12-1 | 08:53:00 | 104 | 23 | IN | 2145402035 | 00:00:00 |
| 2879450 | 2011-12-1 | 09:57:00 | 104 | 17 | IN | 2145544658 | 00:00:00 |
| 2879477 | 2011-12-1 | 10:00:00 | 104 | 19 | IN | 8172331761 | 00:00:00 |
| 2881359 | 2011-12-1 | 14:19:00 | 104 | 23 | IN | 2147259530 | 00:00:00 |
| 2883006 | 2011-12-1 | 17:28:00 | 104 | 23 | IN | 2144567000 | 00:00:00 |
| 2883493 | 2011-12-1 | 08:49:00 | 104 | 21 | IN | 3035224975 | 00:00:00 |
| 2883507 | 2011-12-1 | 08:50:00 | 104 | 20 | IN | 2142373516 | 00:00:00 |
| 2884181 | 2011-12-1 | 10:26:00 | 104 | 19 | IN | 8178818900 | 00:00:00 |
| 2884322 | 2011-12-1 | 10:43:00 | 104 | 15 | IN | 8172331761 | 00:00:00 |
| 2888593 | 2011-12-1 | 10:01:00 | 104 | 23 | IN | 8172331761 | 00:00:00 |
| 2888983 | 2011-12-1 | 10:50:00 | 104 | 15 | IN | 8172331761 | 00:00:00 |
| 2894209 | 2011-12-1 | 13:33:00 | 104 | 19 | IN | 2143949976 | 00:00:00 |
| 2898588 | 2011-12-1 | 13:24:00 | 104 | 21 | IN | 8174629000 | 00:00:00 |
| 2898925 | 2011-12-1 | 14:04:00 | 104 | 20 | IN | 8174629000 | 00:00:00 |
| 2898933 | 2011-12-1 | 14:05:00 | 104 | 15 | IN | 8174629000 | 00:00:00 |
| 2900576 | 2011-12-1 | 17:12:00 | 104 | 21 | IN | 8176883529 | 00:00:00 |
| 2901485 | 2011-12-2 | 10:13:00 | 104 | 22 | IN | 3036565636 | 00:00:00 |
| 2905340 | 2011-12-2 | 09:17:00 | 104 | 16 | IN | 3035485723 | 00:00:00 |
| 2909525 | 2011-12-2 | 09:41:00 | 104 | 21 | IN | 3036565636 | 00:00:00 |
| 2909907 | 2011-12-2 | 10:55:00 | 104 | 10 | IN | 3036565636 | 00:00:00 |
| 2910288 | 2011-12-2 | 11:42:00 | 104 | 16 | IN | 3036565636 | 00:00:00 |
| 2913403 | 2011-12-2 | 10:13:00 | 104 | 17 | IN | 8172247563 | 00:00:00 |
| 2913492 | 2011-12-2 | 10:27:00 | 104 | 20 | IN | 8172247563 | 00:00:00 |
| 2914286 | 2011-12-2 | 12:26:00 | 104 | 21 | IN | 8172247563 | 00:00:00 |
| 2914594 | 2011-12-2 | 13:13:00 | 104 | 18 | IN | 3034203582 | 00:00:00 |
| 2914804 | 2011-12-2 | 13:50:00 | 104 | 22 | IN | 4692614302 | 00:00:00 |
| 2914829 | 2011-12-2 | 13:52:00 | 104 | 23 | IN | 4692614302 | 00:00:00 |
| 2915120 | 2011-12-2 | 14:51:00 | 104 | 20 | IN | 3035079178 | 00:00:00 |
| 2915893 | 2011-12-2 | 08:47:00 | 104 | 23 | IN | 2149946427 | 00:00:00 |
| 2918671 | 2011-12-2 | 15:29:00 | 104 | 20 | IN | 4692884100 | 00:00:00 |
| 2922468 | 2011-12-2 | 14:37:00 | 104 | 15 | IN | 3035731130 | 00:00:00 |
| 2924327 | 2011-12-2 | 09:01:00 | 104 | 22 | IN | 2147040257 | 00:00:00 |
| 2926880 | 2011-12-2 | 14:30:00 | 104 | 15 | IN | 8172331761 | 00:00:00 |
| 2927455 | 2011-12-2 | 15:31:00 | 104 | 23 | IN | 8179965670 | 00:00:00 |
| 2927472 | 2011-12-2 | 15:33:00 | 104 | 21 | IN | 8179965670 | 00:00:00 |
| 2929353 | 2011-12-3 | 10:18:00 | 104 | 22 | IN | 3037036056 | 00:00:00 |
| 2934638 | 2012-01-0 | 13:32:00 | 104 | 21 | IN | 3032299522 | 00:00:00 |
| 2934864 | 2012-01-0 | 13:59:00 | 104 | 15 | IN | 2143949976 | 00:00:00 |
| 2937973 | 2012-01-0 | 09:41:00 | 104 | 18 | IN | 3036565636 | 00:00:00 |
| 2940850 | 2012-01-0 | 15:21:00 | 104 | 15 | IN | 2143949976 | 00:00:00 |
| 2943580 | 2012-01-0 | 11:13:00 | 104 | 23 | IN | 2147040257 | 00:00:00 |
| 2944659 | 2012-01-0 | 13:33:00 | 104 | 17 | IN | 3037853100 | 00:00:00 |
| 2944758 | 2012-01-0 | 13:44:00 | 104 | 21 | IN | 2144986303 | 00:00:00 |
| 2948652 | 2012-01-0 | 11:22:00 | 104 | 18 | IN | 4692884100 | 00:00:00 |
| 2950499 | 2012-01-0 | 15:06:00 | 104 | 23 | IN | 3034358952 | 00:00:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2951594 | 2012-01-0 | 16:47:00 | 104 | 19 | IN | 3036749000 | 00:00:00 |
| 2951605 | 2012-01-0 | 16:48:00 | 104 | 21 | IN | 2147040257 | 00:00:00 |
| 2952990 | 2012-01-0 | 10:17:00 | 104 | 13 | IN | 2143949976 | 00:00:00 |
| 2953613 | 2012-01-0 | 11:28:00 | 104 | 20 | IN | 3035731130 | 00:00:00 |
| 2955356 | 2012-01-0 | 14:41:00 | 104 | 9 | IN | 3036411866 | 00:00:00 |
| 2959204 | 2012-01-1 | 12:13:00 | 104 | 20 | IN | 8172291430 | 00:00:00 |
| 2959696 | 2012-01-1 | 13:43:00 | 104 | 17 | IN | 8179271076 | 00:00:00 |
| 2961091 | 2012-01-1 | 15:49:00 | 104 | 10 | IN | 2144567000 | 00:00:00 |
| 2963266 | 2012-01-1 | 10:56:00 | 104 | 18 | IN | 3032375900 | 00:00:00 |
| 2963512 | 2012-01-1 | 11:28:00 | 104 | 13 | IN | 3035731130 | 00:00:00 |
| 2965373 | 2012-01-1 | 14:59:00 | 104 | 16 | IN | 2146342224 | 00:00:00 |
| 2965750 | 2012-01-1 | 15:36:00 | 104 | 14 | IN | 8176883529 | 00:00:00 |
| 2966293 | 2012-01-1 | 16:30:00 | 104 | 16 | IN | 8176883529 | 00:00:00 |
| 2970618 | 2012-01-1 | 15:24:00 | 104 | 15 | IN | 2144567000 | 00:00:00 |
| 2970962 | 2012-01-1 | 15:57:00 | 104 | 20 | IN | 3033338981 | 00:00:00 |
| 2971585 | 2012-01-1 | 17:00:00 | 104 | 20 | IN | 3036749000 | 00:00:00 |
| 2976086 | 2012-01-1 | 16:06:00 | 104 | 21 | IN | 4692884100 | 00:00:00 |
| 2978416 | 2012-01-1 | 11:49:00 | 104 | 16 | IN | 3032375900 | 00:00:00 |
| 2979893 | 2012-01-1 | 14:40:00 | 104 | 20 | IN | 3036411866 | 00:00:00 |
| 2981125 | 2012-01-1 | 16:42:00 | 104 | 13 | IN | 2146342224 | 00:00:00 |
| 2981241 | 2012-01-1 | 16:52:00 | 104 | 23 | IN | 4692884100 | 00:00:00 |
| 2982745 | 2012-01-1 | 10:57:00 | 104 | 21 | IN | 8176599653 | 00:00:00 |
| 2986186 | 2012-01-1 | 16:56:00 | 104 | 19 | IN | 3036565636 | 00:00:00 |
| 2987314 | 2012-01-1 | 09:45:00 | 104 | 22 | IN | 2144567000 | 00:00:00 |
| 2987612 | 2012-01-1 | 10:27:00 | 104 | 18 | IN | 3035224975 | 00:00:00 |
| 2990375 | 2012-01-1 | 15:24:00 | 104 | 15 | IN | 3035731130 | 00:00:00 |
| 2990448 | 2012-01-1 | 15:30:00 | 104 | 17 | IN | 3035731130 | 00:00:00 |
| 2992485 | 2012-01-1 | 10:04:00 | 104 | 19 | IN | 3035731130 | 00:00:00 |
| 2994843 | 2012-01-1 | 14:36:00 | 104 | 18 | IN | 8175423388 | 00:00:00 |
| 2995578 | 2012-01-1 | 15:36:00 | 104 | 20 | IN | 8176883529 | 00:00:00 |
| 2996592 | 2012-01-1 | 17:09:00 | 104 | 20 | IN | 2144567000 | 00:00:00 |
| 2997315 | 2012-01-2 | 09:20:00 | 104 | 19 | IN | 2144567000 | 00:00:00 |
| 2998250 | 2012-01-2 | 11:10:00 | 104 | 21 | IN | 3034358952 | 00:00:00 |
| 2999831 | 2012-01-2 | 14:37:00 | 104 | 21 | IN | 2144567000 | 00:00:00 |
| 3001060 | 2012-01-2 | 16:29:00 | 104 | 15 | IN | 2144567000 | 00:00:00 |
| 3004188 | 2012-01-2 | 13:14:00 | 104 | 16 | IN | 8176883529 | 00:00:00 |
| 3006827 | 2012-01-2 | 17:20:00 | 104 | 20 | IN | 2144567000 | 00:00:00 |
| 3006855 | 2012-01-2 | 17:24:00 | 104 | 19 | IN | 2144567000 | 00:00:00 |
| 3006878 | 2012-01-2 | 17:27:00 | 104 | 19 | IN | 2144567000 | 00:00:00 |
| 3014798 | 2012-01-2 | 12:54:00 | 104 | 18 | IN | 2147040257 | 00:00:00 |
| 3015293 | 2012-01-2 | 14:01:00 | 104 | 22 | IN | 2148509339 | 00:00:00 |
| 3016294 | 2012-01-2 | 15:29:00 | 104 | 12 | IN | 2144567000 | 00:00:00 |
| 3016660 | 2012-01-2 | 15:55:00 | 104 | 22 | IN | 2146143300 | 00:00:00 |
| 3016690 | 2012-01-2 | 15:58:00 | 104 | 5 | IN | 3032299522 | 00:00:00 |
| 3017315 | 2012-01-2 | 17:02:00 | 104 | 22 | IN | 3036749000 | 00:00:00 |
| 3018228 | 2012-01-2 | 09:21:00 | 104 | 19 | IN | 2143949976 | 00:00:00 |
| 3018561 | 2012-01-2 | 10:09:00 | 104 | 19 | IN | 8179271076 | 00:00:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3019571 | 2012-01-2 | 11:58:00 | 104 | 23 | IN | 4692884100 | 00:00:00 |
| 3020616 | 2012-01-2 | 14:14:00 | 104 | 14 | IN | 3032299522 | 00:00:00 |
| 3021394 | 2012-01-2 | 15:17:00 | 104 | 7 | IN | 3032299522 | 00:00:00 |
| 3022135 | 2012-01-2 | 16:27:00 | 104 | 17 | IN | 4695697736 | 00:00:00 |
| 3024114 | 2012-01-2 | 10:58:00 | 104 | 23 | IN | 3034358952 | 00:00:00 |
| 3025294 | 2012-01-2 | 13:14:00 | 104 | 23 | IN | 3036565636 | 00:00:00 |
| 3025345 | 2012-01-2 | 13:21:00 | 104 | 18 | IN | 3034358952 | 00:00:00 |
| 3026302 | 2012-01-2 | 14:56:00 | 104 | 17 | IN | 3032299522 | 00:00:00 |
| 3028509 | 2012-01-3 | 08:51:00 | 104 | 21 | IN | 3035224975 | 00:00:00 |
| 3028738 | 2012-01-3 | 09:30:00 | 104 | 23 | IN | 3039748522 | 00:00:00 |
| 3028825 | 2012-01-3 | 09:42:00 | 104 | 20 | IN | 3039748522 | 00:00:00 |
| 3028947 | 2012-01-3 | 09:56:00 | 104 | 18 | IN | 3039748522 | 00:00:00 |
| 3028965 | 2012-01-3 | 09:58:00 | 104 | 20 | IN | 3039748522 | 00:00:00 |
| 3030917 | 2012-01-3 | 13:52:00 | 104 | 16 | IN | 4693662168 | 00:00:00 |
| 3032881 | 2012-01-3 | 16:45:00 | 104 | 23 | IN | 3035033134 | 00:00:00 |
| 3036431 | 2012-01-3 | 14:28:00 | 104 | 20 | IN | 3035033134 | 00:00:00 |
| 3037948 | 2012-01-3 | 16:50:00 | 104 | 15 | IN | 3036749000 | 00:00:00 |
| 3040039 | 2012-02-0 | 11:52:00 | 104 | 21 | IN | 3036749000 | 00:00:00 |
| 3042162 | 2012-02-0 | 16:00:00 | 104 | 18 | IN | 3036749000 | 00:00:00 |
| 3042469 | 2012-02-0 | 16:25:00 | 104 | 18 | IN | 3035224975 | 00:00:00 |
| 3044321 | 2012-02-0 | 10:50:00 | 104 | 15 | IN | 2144567000 | 00:00:00 |
| 3044491 | 2012-02-0 | 11:12:00 | 104 | 22 | IN | 3035232407 | 00:00:00 |
| 3045377 | 2012-02-0 | 13:07:00 | 104 | 21 | IN | 3035232407 | 00:00:00 |
| 3045434 | 2012-02-0 | 13:18:00 | 104 | 21 | IN | 3036749000 | 00:00:00 |
| 3048557 | 2012-02-0 | 09:50:00 | 104 | 21 | IN | 3036565636 | 00:00:00 |
| 3050758 | 2012-02-0 | 14:24:00 | 104 | 15 | IN | 3036749000 | 00:00:00 |
| 3051472 | 2012-02-0 | 15:31:00 | 104 | 21 | IN | 3037260647 | 00:00:00 |
| 3053626 | 2012-02-0 | 10:31:00 | 104 | 21 | IN | 3036749000 | 00:00:00 |
| 3055032 | 2012-02-0 | 13:29:00 | 104 | 23 | IN | 3036565636 | 00:00:00 |
| 3055436 | 2012-02-0 | 14:09:00 | 104 | 22 | IN | 3035224975 | 00:00:00 |
| 3055470 | 2012-02-0 | 14:11:00 | 104 | 17 | IN | 3035224975 | 00:00:00 |
| 3055758 | 2012-02-0 | 14:36:00 | 104 | 22 | IN | 8176883529 | 00:00:00 |
| 3058739 | 2012-02-0 | 10:02:00 | 104 | 23 | IN | 8178818900 | 00:00:00 |
| 3059039 | 2012-02-0 | 10:41:00 | 104 | 12 | IN | 8178978808 | 00:00:00 |
| 3059099 | 2012-02-0 | 10:51:00 | 104 | 19 | IN | 2143539100 | 00:00:00 |
| 3059608 | 2012-02-0 | 11:49:00 | 104 | 21 | IN | 8174629009 | 00:00:00 |
| 3059704 | 2012-02-0 | 12:00:00 | 104 | 16 | IN | 8174629009 | 00:00:00 |
| 3063592 | 2012-02-0 | 09:56:00 | 104 | 19 | IN | 3036276305 | 00:00:00 |
| 3065473 | 2012-02-0 | 13:42:00 | 104 | 20 | IN | 3032221380 | 00:00:00 |
| 3066313 | 2012-02-0 | 15:03:00 | 104 | 18 | IN | 8179271076 | 00:00:00 |
| 3066766 | 2012-02-0 | 15:42:00 | 104 | 22 | IN | 2149316646 | 00:00:00 |
| 3066828 | 2012-02-0 | 15:47:00 | 104 | 19 | IN | 2149316646 | 00:00:00 |

Totals:

| Duration | Trans |
|----------|-------|
| 00:00:34 | . |
| 00:00:24 | . |
| 00:00:22 | . |
| 00:00:08 | . |
| 00:00:15 | . |
| 00:01:48 | . |
| 00:00:12 | . |
| 00:00:39 | . |
| 00:00:15 | . |
| 00:00:08 | . |
| 00:00:10 | . |
| 00:00:07 | . |
| 00:00:08 | . |
| 00:00:32 | . |
| 00:00:19 | . |
| 00:00:23 | . |
| 00:00:22 | . |
| 00:00:15 | . |
| 00:00:07 | . |
| 00:00:21 | . |
| 00:00:22 | . |
| 00:00:13 | . |
| 00:00:22 | . |
| 00:04:08 | . |
| 00:00:07 | . |
| 00:00:34 | . |
| 00:00:22 | . |
| 00:00:16 | . |
| 00:00:26 | . |
| 00:00:20 | . |
| 00:00:22 | . |
| 00:00:26 | . |
| 00:03:37 | . |
| 00:00:01 | . |
| 00:00:10 | . |
| 00:00:17 | . |
| 00:00:12 | . |
| 00:00:14 | . |
| 00:00:22 | . |
| 00:00:09 | . |
| 00:00:14 | . |
| 00:00:20 | . |
| 00:00:21 | . |
| 00:01:36 | . |
| 00:00:13 | . |
| 00:00:18 | . |

00:00:21   .
00:00:10   .
00:00:10   .
00:00:06   .
00:00:30   .
00:02:45   .
00:00:27   .
00:00:08   .
00:00:22   .
00:00:25   .
00:00:15   .
00:00:06   .
00:00:23   .
00:00:09   .
00:00:22   .
00:00:59   .
00:00:20   .
00:00:22   .
00:00:06   .
00:00:17   .
00:01:34   .
00:00:05   .
00:00:04   .
00:00:22   .
00:00:07   .
00:00:23   .
00:02:44   .
00:00:43   .
00:00:09   .
00:00:18   .
00:00:12   .
00:00:08   .
00:00:18   .
00:00:17   .
00:00:45   .
00:00:26   .
00:00:27   .
00:00:18   .
00:00:12   .
00:00:07   .
00:00:21   .
00:00:08   .
00:00:09   .
00:00:14   .
00:00:08   .
00:00:08   .
00:00:02   .

00:00:06   .
00:00:11   .
00:00:14   .
00:00:26   .
00:00:07   .
00:00:42   .
00:00:06   .
00:00:22   .
00:00:08   .
00:00:10   .
00:00:09   .
00:00:12   .
00:00:21   .
00:00:12   .
00:00:13   .
00:00:07   .
00:00:52   .
00:00:22   .
00:01:12   .
00:00:15   .
00:00:26   .
00:00:11   .
00:00:08   .
00:00:12   .
00:00:11   .
00:00:17   .
00:00:12   .
00:00:47   .
00:00:37   .
00:00:42   .
00:00:38   .
00:00:11   .
00:00:08   .
00:00:06   .
00:00:22   .
00:03:03   .
00:00:09   .
00:00:21   .
00:00:11   .
00:00:24   .
00:00:06   .
00:01:23   .
00:00:08   .
00:00:24   .
00:00:54   .
00:00:32   .
00:00:07   .

00:00:21  .
00:00:07  .
00:00:22  .
00:00:07  .
00:00:24  .
00:00:37  .
00:03:03  .
00:00:22  .
00:00:20  .
00:00:30  .
00:00:28  .
00:00:13  .
00:00:29  .
00:00:12  .
00:00:28  .
00:00:08  .
00:00:07  .
00:00:21  .
00:00:29  .
00:00:09  .
00:00:22  .
00:00:24  .
00:00:09  .
00:00:09  .
00:00:08  .
00:00:07  .
00:00:12  .
00:06:32  .
00:00:10  .
00:00:23  .
00:00:18  .
00:01:45  .
00:00:17  .
00:01:56  .
00:00:50  .
00:00:12  .
00:00:15  .
00:00:28  .
00:00:07  .
00:00:07  .
00:00:07  .
00:00:17  .
00:00:17  .
00:00:29  .
00:01:35  .
00:00:07  .
00:00:09  .

00:00:11   .
00:00:03   .
00:00:14   .
00:00:12   .
00:00:23   .
00:00:16   .
00:00:12   .
00:00:09   .
00:00:31   .
00:01:38   .
00:01:11   .
00:00:07   .
00:05:57   .
00:00:11   .
00:00:27   .
00:00:07   .
00:00:22   .
00:00:23   .
00:00:08   .
00:00:55   .
00:00:15   .
00:00:23   .
00:00:17   .
00:00:09   .
00:00:25   .
00:00:29   .
00:03:11   .
00:00:23   .
00:01:45   .
00:00:14   .
00:00:08   .
00:00:23   .
00:00:32   .
00:00:21   .
00:00:22   .
00:02:03   .
00:00:15   .
00:00:13   .
00:00:07   .
00:00:13   .
00:00:09   .
00:00:13   .
00:00:07   .
00:00:13   .
00:00:21   .
00:00:24   .
00:00:21   .

00:00:24   .
00:00:21   .
00:00:09   .
00:00:09   .
00:00:09   .
00:00:23   .
00:00:12   .
00:00:08   .
00:00:25   .
00:03:00   .
00:00:07   .
00:00:15   .
00:00:07   .
00:00:10   .
00:00:10   .
00:00:23   .
00:00:25   .
00:00:27   .
00:00:21   .
00:00:22   .
00:00:23   .
00:00:45   .
00:00:09   .
00:00:21   .
00:00:22   .
00:01:52   .
00:00:54   .
00:02:14   .
00:00:23   .
00:00:06   .
00:00:12   .
00:00:09   .
00:00:22   .
00:00:11   .
00:00:06   .
00:00:06   .
00:00:09   .
00:00:14   .
00:00:07   .
00:00:26   .
00:00:15   .
00:00:33   .
00:00:33   .
00:00:09   .
00:00:19   .
00:00:24   .
00:00:15   .

00:00:23   .
00:00:21   .
00:00:21   .
00:00:22   .
00:00:24   .
00:00:23   .
00:00:22   .
00:00:23   .
00:00:10   .
00:00:31   .
00:00:08   .
00:00:24   .
00:00:27   .
00:00:16   .
00:00:16   .
00:00:11   .
00:00:23   .
00:00:11   .
00:00:08   .
00:00:17   .
00:02:13   .
00:00:22   .
00:00:09   .
00:00:16   .
00:00:20   .
00:00:08   .
00:00:22   .
00:00:11   .
00:00:22   .
00:00:09   .
00:00:10   .
00:00:06   .
00:02:34   .
00:00:09   .
00:00:21   .
00:00:15   .
00:00:12   .
00:00:27   .
00:00:12   .
00:00:14   .
00:00:07   .
00:00:09   .
0:02:32:57

# EXHIBIT D

# BROMAGEN
# & RATHET

Brooks.Rathet@bromagenlaw.com
www.bromagenlaw.com

*Attorneys*
William Bromagen
Brooks Rathet *
Nicholas Mooney
Jeremy Kespohl
Franklin Sato
Wesley Lockwood
Brendan Smith
Diana Perez
Drew Vogt
Daniel Klee

*Paralegals*
Darlene M. Blackmon, FRP
Linda A. Murphy, CP, FRP

*Reply to:*
135 2ⁿᵈ Avenue North, Suite 1
Jacksonville Beach, Fl. 32250

*Admitted in Florida and Georgia
*Florida Supreme Court Certified Mediator

May 25, 2012

Santander Consumer USA Inc.,
Attn: Legal Department
8585 North Stemmons
Suite 1100-N
Dallas, TX 75247

**Re: Darin Mangione**

Dear Sir or Madam,

Darin Mangione has retained our firm to represent him with respect to your company's attempts to collect a debt. My client has received hundreds of calls from various numbers registered to your company, or agents acting on behalf of your company, at both his place of employment and on his cellular telephone.

Furthermore, the callers have been unable to explain why my client owes $7,941.31 more than the original amount my client financed for his vehicle. It appears that your calls have been placed via an automated calling system to my client's cellular phone without his permission. On numerous occasions my client has requested that your agents or employees cease all calls to his place of employment. However, despite his numerous requests, your agents or employees continued to contact him at work. Additionally, my client has on numerous occasions made it clear to your agents or employees that he does not believe he owes this debt. Still your agents or employees have reported the loan as delinquent to the major credit reporting bureaus

Your actions have clearly been made with the intent to harass my client. As such you have violated Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), 15 U.S.C. 1681, *et.seq*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*. I have attached to this correspondence a copy of the Complaint and Discovery Requests I intend to file with the Circuit Court in Hillsborough County.

Santander Consumer USA.  ~.,
May 25, 2012
Page 2 of 2

To avoid any litigation regarding your actions, my client hereby demands the following: that all calls to Mr. Mangione cease immediately, that the alleged amount of indebtedness be forgiven, and that you pay Mr. Mangione $8,000.00 *inclusive* of attorney's fees and costs. Failure to comply with these demands will lead to a lawsuit being filed against you.

If I do not hear from you by June 11, 2012 I will assume you are not interested in resolving this dispute amicably and will proceed in filing the lawsuit against your company. Thank you very much for your time and attention on this matter. We look forward to hearing from you soon and I am hopeful we can resolve this matter amicably.

Sincerely,

Jeremy A. Kespohl, Esq.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Mangione*
Street, Apt. No.; or PO Box No. *Delivered to TX*
City, State, ZIP+4

7012 0470 0001 3026 7570

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Santander Consumer USA Inc
Attn: Legal Department
8585 North Stemmons Fwy, Ste 1100-N
Dallas TX 75247-3822

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JOE FRANKS

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)     7012 0470 0001 3026 7570

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

IN THE COUNTY COURT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO:
DIVISION:

DARIN MANGIONE

        Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,

        Defendant.

_____/

## COMPLAINT, JURY DEMAND AND WRITTEN DISCOVERY REQUESTS

DARIN MANGIONE ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant SANTANDER CONSUMER USA, INC., ("Defendant") and alleges as follows:

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), 15 U.S.C. 1681, et.seq, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Plaintiff also alleges a state law tort for intrusion upon seclusion.

### JURISDICTION AND VENUE

2. Plaintiff is a natural person, a resident of Hillsborough County, and citizen of the state of Florida.

3. The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interest.

4. SANTANDER CONSUMER USA, INC., is a foreign corporation, registered with the state of Florida, with a primary place of business at 8585 North Stemmons Suite 1100-N, Dallas, TX 75247 .

5.      Defendant uses the mail and telephone in a business which includes the collection of debts.

6.      Defendant regularly conducts business in the state of Florida.

7.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.      Plaintiff purchased a used 2000 Jeep Wrangler from Enterprise Leasing in Pompano, FL. *See* Sales Documents attached as Exhibit A.

9.      During the term of Plaintiff's loan Defendant acquired the loan from the company which originally financed it.

10.     Just before Plaintiff made his final payments to Defendant he received correspondence stating that once his final payment to Defendant was made he would owe them an additional $7,941.31. *See* Correspondence dated January 1, 2012 attached as Exhibit B.

11.     The correspondence gave no explanation of why Plaintiff was required to pay the additional sum.

12.     Plaintiff attempted to obtain clarification as to why he was obligated to pay the additional amounts and Defendant through its employees or agents was unable to provide a satisfactory explanation.

13.     Plaintiff did not agree to pay any amounts in excess of what he was obligated to pay under the terms of the finance agreement.

14.     Soon after Plaintiff made his final payment Defendant began efforts to collect the additional sum referenced in its January 1st letter.

2

15.    Based upon information and belief, Defendant uses an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four yeas of the filing of this complaint.

16.    Plaintiff did not expressly consent to Defendant's telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

17.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

18.    Since October 2011 Defendant has made more than 400 calls to Plaintiff's place of employment. *See* call logs attached as Exhibit C.

19.    Plaintiff made numerous requests that Defendant cease calling him at work but Defendant continued to call.

20.    Defendant called Plaintiff's place of employment 4-5 times a day on average.

21.    Defendant also placed calls to Plaintiff's cell phone several times a day in addition to the calls they made to his place of employment.

22.    Additionally Defendant has failed to tender title to Plaintiff's vehicle though he has made all of his payments required under the finances agreement.

23.    Recently Plaintiff pulled his credit information and discovered that negative information had been reported regarding his vehicle loan by Defendant.

24.    Plaintiff made it clear on numerous occasions that he disputed the amount Defendant claims he owed and that Defendant had failed to explain to him why he owed said amount.

25.    To date, Plaintiff's credit history continues to show negative information regarding the debt Defendant alleges Plaintiff owes.

26.    To date, Defendant has failed to provide a Valid explanation as to why it alleged Plaintiff owes an additional $7,941.31 after making all of his payments for a vehicle which was financed for a total amount of $20,029.28

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692**

27.    Plaintiff incorporates Paragraphs 1 through 26.

28.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in violation of 15 U.S.C. § 1692d(6).

29.    Defendant placed telephone calls to Plaintiff at a time and place known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

30.    Defendant engaged in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

31.    Defendant caused the telephone to ring and engaged Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

32.    Defendant made false, deceptive and misleading statements in connection with debt collection in violation of 15 U.S.C. § 1692e.

33.    Defendant made false representations and engaged in deceptive practices to collect a debt or obtain information in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Statutory and Actual Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

1.      Plaintiff incorporates Paragraphs 1 through 26.

2.      Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

3.      Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

4.      Defendant intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

5.      Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

6.      These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Such other or further relief as the Court deems proper

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**§ 559.72 Fla. Stat.**

7.    Plaintiff incorporates Paragraphs 1 through 26.

8.    Defendant willfully communicated with the Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

9.    Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

10.    Defendant failed on one or more occasions to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by Plaintiff from whom she or he is collecting or attempting to collect a consumer debt.

11.    On one or more occasion Defendant failed to disclose its name, that it is a debt collector and the purpose of its communications

12.    Defendant willfully engaged in such behavior is direct violation of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory and Actual Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

6

       c.     Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

30.     Plaintiff incorporates Paragraphs 1 through 26.

31.     Plaintiff brings this action against Defendant under sections 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681n, and 15 U.S.C. § 1681o of the Fair Credit Reporting Act.

32.     Plaintiff is a "consumer" as defined in 15 USCS § 1681a(c).

33.     Defendant is a "furnisher" of credit information as described in 15 USCS § 1681s-2.

34.     Defendant reported information regarding Plaintiff to one or more credit bureaus that it knew or should have known was incorrect.

35.     On multiple occasions Plaintiff informed Defendant that the information reported was incorrect.

36.     Defendant failed to perform a reasonable investigation into Plaintiff's claims as required by 15 U.S.C. § 1681s-2(b).

37.     Defendant has willfully or negligently failed to comply with the Fair Credit Reporting Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

       a.  Damages;

       b.  Attorney's fees, litigation expenses and costs of suit; and

       c.  Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

13.     Plaintiff incorporates Paragraphs 1 through 26.

14.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (B)(1)(a)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Such other or further relief as the Court deems proper.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


BROMAGEN & RATHET, P.A.


JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com

8

IN THE COUNTY COURT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO:
DIVISION:

DARIN MANGIONE

        Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION OF
## DOCUMENTS TO SANTANDER CONSUMER USA, INC.

Plaintiff, DARIN MANGIONE, by and through her undersigned attorneys, hereby

requests Defendant, SANTANDER CONSUMER USA, INC., ("Defendant"), to produce the

following items at the offices of the undersigned counsel within the time and in the manner

provided for by Rule 1.350, Fla.R.Civ.P.

This request is intended to cover all documents in possession of the Defendant, or subject

to his custody and control, regardless of location.

As used in this request, the term document means every writing or record of every type

and description that is in the possession, control or custody of the Defendant, including but

without limitation to correspondence, memoranda, stenographic or handwritten notes, studies,

publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, minutes or

statistical compilations, data processing cards or computer records,, files, disks, or tapes or print

outs, agreements, communications, state and federal government hearings and reports,

correspondance, telegrams, memoranda, summaries or records of personal conversations or

interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps,

summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion pictures film, brochure, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

When a date is not specified in the request, the applicable date is four years proceeding the date of filing of the Complaint up to the time of Defendant's response.

"FDCPA" means Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

"FCCPA" means Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

"TCPA" means Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

"Plaintiff" means DARIN MANGIONE

"Defendant" means SANTANDER CONSUMER USA, INC.,

"Debt" means the debt that Defendant was attempting to collect from the Plaintiff.

"Original Creditor" means the creditor with whom Plaintiff allegedly incurred the debt Defendant sought to collect from plaintiff. "Original Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Subsequent Creditor" means any creditor subsequent to the original creditor to whom the alleged debt of Plaintiff was transferred or who otherwise acquired Plaintiff's debt. "Subsequent Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Automatic telephone dialing system" means an "automatic telephone dialing system" or "predictive dialer" as defined in the TCPA and the FCC's Declaratory Ruling of January 4, 2008

or any device which dials telephone numbers using any computer assisted or automated technology.

## DOCUMENTS TO BE PRODUCED

1.   All documents relating to the alleged debt of Plaintiff.

2.   All account history notes relating to the alleged debt of Plaintiff

3.   All documents relating to Defendant's activities to collect the debt allegedly due by Plaintiff.

4.   All documents communicated between Defendant and Plaintiff regarding the collection of the alleged debt.

5.   All documents evidencing the means by which Defendant obtained each telephone number of Plaintiff appearing in Defendant's records

6.   All documents communicated between Defendant and any other debt collector regarding the Plaintiff

7.   All agreements for the collection of debts between Defendant and the original creditor or any subsequent creditor.

8.   All documents communicated between Defendant and the original creditor or any subsequent creditor regarding Plaintiff.

9.   All documents communicated between Defendant and other debt collectors regarding Plaintiff.

10.   Defendant's agreement with its client or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

11.   All documents communicated between Defendant and its clients or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

12. All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the FDCPA

13. All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the FCCPA

14. All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the TCPA

15. All documents acknowledging training by the Defendant regarding the FDCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

16. All documents acknowledging training by the Defendant regarding the FCCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

17. All documents acknowledging training by the Defendant regarding the TCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

18. All complaints against Defendant from any governmental agency.

19. All complaints against Defendant from the Better Business Bureau.

20. An Organizational Chart for the Defendant.

21. All litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

22. All litigation filed against the Defendant alleging violations of the Florida Consumer Collection Practices Act.

4

23.     All litigation filed against the Defendant alleging violations of the Telephone Consumer Protection Act.

24.     Any insurance policies covering the Defendant for violation of the Fair Debt Collection Practices Act.

25.     Any insurance policies covering the Defendant for violation of the Florida Consumer Collection Practices Act.

26.     Any insurance policies covering the Defendant for violation of the Telephone Consumer Protection Act.

27.     All scripts used by the Defendant's employees with respect to collection of debts from individuals via telephone.

28.     Transcripts and audio recordings of prerecorded telephone messages transmitted to consumers in an effort to collect a debt.

29.     Transcripts and audio recordings of all incoming and outgoing telephone calls between Defendant and Plaintiff, including any messages left by Defendant for Plaintiff.

30.     All account history notes or other records of Defendant showing any record of telephone calls or other collection efforts of Defendant directed toward Plaintiff.

31.     All credit reports of the Plaintiff, obtained by the Defendant.

32.     All internal documents of the Defendant regarding the use of its collection manuals and collection efforts.

33.     All manuals for all software programs, computer hardware and automatic telephone dialing systems used by the Defendant in its business of collecting debts.

34.     All policies and procedures for communication of voicemail messages to individuals in an attempt to collect a debt.

35.    All policies and procedures regarding Defendant's use of an automatic telephone dialing system in an attempt to collect debts.

36.    All policies and procedure regarding Defendant's use of an artificial or prerecorded voice in its attempt to collect debts.

37.    All policies and procedures regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

38.    All policies and procedure regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

39.    All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

40.    All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed by an artificial or pre-recorded voice.

41.    All policies and procedures regarding the determination by the Defendant as to whether its telephone calls to individual cellular telephones are for emergency purposes.

42.    All documents evidencing "skip tracing" of Plaintiff.

43.    All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act.

44.    All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Consumer Protection Act

45.    All documents, audiotape and videotape evidencing the supervision of its employees by the Defendant.

46.     Personnel files of all current and former employees who supervised the employees who engage in the collection of debts such as debt Plaintiff allegedly owes or owed, their positions and responsibilities and their dates of employment and their last known address if no longer employed by the Defendant.

47.     Personnel files of all current and former employees of Defendant who have contacted Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

48.     Personnel files of all current and former employees of Defendant who have authorized any communication with Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

49.     Personnel files of all current and former employees of Defendant who have approved of any communication with Plaintiff, their position and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

50.     All reports and documents utilized by any expert which Defendant proposes to call at trial.

51.     All exhibits which Defendant proposes to introduce at trial.

52.     All documents that evidence the transfer of Plaintiff's alleged debt from any creditor to Defendant.

53.     All documents that evidence the transfer of Plaintiff's alleged debt from any other debt collector to Defendant.

54.     All documents that evidence the transfer of Plaintiff's alleged debt from Defendant to any other person or entity.

55.     Completed applications for employment, background investigations, background questionnaire for all employees who contacted the Plaintiff, their positions and responsibilties and their dates of employment and their last known address if no longer employed by the Defendant.

56.     All documents that support the factual basis of Defendant's denial of any of the allegations alleged in Plaintiff's Complaint.

57.     Any documents Defendant will rely upon to support any Affirmative Defense to this action.

58.     All documents consulted regarding allegations similar to the allegations alleged in Plaintiff's Complaint in the course of your preparation of your responses to Plaintiff's Request for Production.

BROMAGEN & RATHET, P.A.

_____
JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com

# EXHIBIT E

 **Santander**

CONSUMER

June 6, 2012

Bromagen & Rathet
Attn: Jeremy A. Kespohl, Esq.
135 2nd Avenue North, Suite 1
Jacksonville Beach, FL 32250

RE:   **Darin Mangione**

Dear Mr. Kespohl, Esq.:

We have received your correspondence regarding the above referenced account number. Thank you for bringing this matter to our attention.

Please be advised as a third party, we are unable to provide you with any information regarding this account without our customer's written consent. We will put the account on hold for seven (7) business days to allow time to receive the consent.  Please have the written consent form faxed to the number below or mailed Attn: Legal Department, P.O. Box 822517, North Richland Hills, TX 76180.

Please understand that we make every attempt to work with our customers to achieve the best service possible. If further assistance is needed, please contact us directly at 1(888) 222-4227.

Sincerely,

Santander Consumer USA Inc.
FAX: 214-838-4990

# EXHIBIT F

View Form

## NOTICE OF SEIZURE AND PERSONAL PROPERTY NOTICE

TWI OF FLORIDA INC
P O Box 4357
N Ft Myers, FL 33918
State License No. R9000010

06/15/2012 06:55:50

·Case #: 2024932190

**DARIN MANGIONE**
**6822 S Shamrock Rd #Apt 205**
**Tampa, FL 33616**

Lein Holder: SANTANDER

Acct#:

2000 Jeep Wrangler
VIN: 1J4FA49S7YP763293

The following Item were recovered from the above vehicle on: 06/15/2012

*tag 849JCR, PHONE CHARGER, CELL PHONE, GPS, BLANKET, TOWEL,ASSORTED PAPERS,*

I hereby certify that the above listed items were the only personal affects or personal property recovered from this vehicle. Personal property can be picked up by APPOINTMENT ONLY by calling 239-731-1900.

*All personal property left unclaimed will be disposed of AFTER 45 DAYS of storage. Vehicle license plates left unclaimed after 45 days will be destroyed.*

Only damage to a vehicle during a *voluntary repossession pickup* or subsequent to a repossession during storage for transport to auction and only while the vehicle is in possession of the repossession agency is the liability of the repossession agency. At no time will any mechanical or tire failure be the responsibility of the repossession agency unless the failure is due to the negligence of the repossession agency during storage subsequent to initial repossession.

THIS VEHICLE WAS REPOSSESSED AT THE REQUEST OF THE LEGAL OWNER BY TWI OF FLORIDA INC on 06/15/2012 Please contact the legal owner if you have any questions regarding why your vehicle was *repossessed and to the process of redeeming your vehicle.*

TWI TAMPA